**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSE ROJAS,

        Petitioner-Appellant,

v.

RAY ROBERTS, Warden,

        Respondent-Appellee.

No. 08-3118
(No. 08-CV-03100-SAC)
(D. Kan.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Pro se Petitioner Jose Rojas, a state prisoner, seeks a certificate of appealability to appeal the district court's denial of his 28 U.S.C. § 2241 habeas corpus petition. In 1987, Petitioner was convicted of one count of kidnaping and two counts of second-degree murder. He was sentenced to consecutive terms of life imprisonment on the kidnaping count and two terms of fifteen years to life on the murder counts.

Petitioner claims he was entitled to a parole hearing after fifteen years rather than thirty as the Kansas Department of Corrections determined and state

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

courts affirmed. He exhausted his claim in the Kansas state courts before filing his petition in the federal district court. The district court denied the petition, holding that Petitioner had not stated a claim for federal relief, and also denied Petitioner's subsequent motion to reconsider, which the court construed as a motion to alter or amend the judgment. The district court explained that not only did Petitioner fail to state a federal claim for relief but that he also misconstrued state law. The court noted that the state case on which Petitioner relied, *Cooper v. Werholtz*, 83 P.3d 1212 (Kan. 2004), did not support Petitioner's claim because *Cooper* involved a prisoner who had been convicted and sentenced on only one count, whereas Petitioner was convicted and received consecutive sentences on multiple counts.

Petitioner must obtain a certificate of appealability to challenge the district court's denial of his habeas corpus petition. *See Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000). To obtain a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this burden, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

We have reviewed Petitioner's filings, the district court's rulings, and the

-2-

record on appeal. We find nothing that meets our standard for granting a certificate of appealability. For substantially the reasons set forth in the district court's orders, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion to proceed in forma pauperis.

Entered for the Court


Monroe G. McKay
Circuit Judge